UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**VICTORIA K.,**[1]

      **Plaintiff,**

v.

**MARTIN O'MALLEY,**
**Commissioner of Social Security,**

      **Defendant.**

Case No. 2:22-cv-1111
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Victoria K. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter to the Commissioner for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Martin J. O'Malley, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.      PROCEDURAL HISTORY

On April 8, 2019, Plaintiff filed her applications for disability insurance benefits and supplemental security income, alleging that she has been disabled since September 17, 2018. R. 87–88, 123–24, 208–18. The applications were denied initially and upon reconsideration. R. 129–35, 150–55. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 156–57. ALJ Richard West held a hearing on October 23, 2020, at which Plaintiff, who was represented by counsel, testified. R. 37–53. Following the hearing, the ALJ served interrogatories on a vocational expert, which that expert answered. R. 322–36. In a decision dated March 26, 2021, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from September 17, 2018, Plaintiff's alleged disability onset date, through the date of that decision. R. 21–31. That decision became final when the Appeals Council declined review on November 26, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On July 29, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 9.[3] On August 8, 2022, the case was reassigned to the undersigned. ECF No. 12. The matter is ripe for disposition.

II.     LEGAL STANDARD

   A.      **Standard of Review**

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)

("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and [the] reason(s) for discounting such evidence.") (citing

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

5

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 46 years old on her alleged disability onset date. R. 30. She met the insured status requirements of the Social Security Act through December 31, 2022. R. 24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between September 17, 2018, her alleged disability onset date, and the date of the decision. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis, degenerative disc disease and radiculopathy; depression; and anxiety. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 24–25.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 26–29. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a warehouse worker. R. 30.

At step five and relying on the information provided by the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, jobs as a document prep worker, a preparer, and a scale operator—existed in the national economy and could be performed by Plaintiff. R. 30–31.

The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 17, 2018, her alleged disability onset date, through the date of the decision. R. 31.

Plaintiff disagrees with the ALJ's findings at step four and apparently asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 17. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 20.

### IV.  DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to, *inter alia*, properly consider her subjective complaints. *Plaintiff's Brief*, ECF No. 17. For the reasons that follow, this Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ

8

has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except *she can sit for 15 consecutive minutes and then must stand for one minute before sitting again*; she can sit for 15 consecutive minutes and then must stand for one minute before sitting again [sic]; she cannot climb ladders, ropes or scaffolds, and can perform other postural functions occasionally; she can understand, remember and carry out simple instructions on a sustained basis; and she can have occasional interaction with coworkers, supervisors and the general public.

R. 26 (emphasis added).

Plaintiff challenges the ALJ's determination in this regard, arguing, *inter alia*, that the ALJ failed to properly consider her subjective complaints, including, among other things, Plaintiff's hearing testimony that she can sit for only 10 to 15 minutes before needing to lie down. *Plaintiff's Brief*, ECF No. 17, pp. 18–19 (citing, *inter alia*, R. 43). Plaintiff points out that, although the ALJ initially stated that Plaintiff's subjective statements were inconsistent and did not support a finding of disability, the ALJ later found that Plaintiff's statements were consistent with the medical evidence. *Id*. at 19 (citing R. 27, 29). Plaintiff argues that the ALJ's findings are therefore unclear and incapable of review by this Court. *Id*. at 19–21.

For his part, the Commissioner contends that the ALJ properly considered Plaintiff's subjective complaints and that substantial evidence supports the ALJ's RFC determination.

9

*Plaintiff's Brief*, ECF No. 20. The Commissioner specifically argues, *inter alia*, that the ALJ noted Plaintiff's testimony that she could sit for ten to fifteen minutes before she felt pain and properly included the sit-stand option in the RFC; according to the Commissioner, "the assessed sit-stand option substantially aligns with [Plaintiff's] testimony[.]" *Id*. at 11 (citing R. 26, 42). The Commissioner acknowledges Plaintiff's testimony that she lies down after sitting for 15 minutes, but contends that "the ALJ determined that the degree of her alleged limitation was not entirely consistent with the medical evidence[.]" *Id*. (citing R. 27). Indeed, the Commissioner argues, the ALJ imposed greater sitting restrictions than were found by any doctor, and "explained that Plaintiff's hearing testimony and subsequently submitted medical evidence supported greater limitations [than found by the state agency reviewing consultants.]" *Id*. (citing R. 29); *see also id*. at 15–17. The Commissioner therefore takes the position that substantial evidence supports the ALJ's consideration of Plaintiff's subjective statements as well as the RFC determination. *Id*. at 11–17.

      The Commissioner's arguments are not well taken. Near the outset of his discussion at step four, the ALJ expressly found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence and other evidence* in the record for the reasons explained in this decision" and that Plaintiff's "statements about the intensity, persistence, and limiting effects of his or her symptoms[] [] *are inconsistent* because they fail to support a finding of disability." R. 27 (emphasis added). However, later at step four, the ALJ expressly found that Plaintiff's hearing testimony *was* consistent with the entire medical record, as follows:

> Regarding the opinions of the State Agency consultants who reviewed the medical evidence in the record at the initial and reconsideration determination levels (Exhibits 2A, 4A, 6A, and 8A), the undersigned finds that their opinion regarding the claimant's residual functional capacity is less persuasive than the above

> established residual functional capacity. The undersigned notes that the opinions were based on information contained in the record at the time that the assessments were made, and notes that no medical records generated or provided after that date were considered by these doctors. Inasmuch as additional medical evidence was received in the course of developing the claimant's case for review at the administrative hearing level, the undersigned finds a different interpretation of the earlier records. Moreover, the undersigned notes that *the testimony at the claimant's hearing is consistent with the entirety of medical evidence in the record* and justifies a conclusion that the claimant's impairments are more severe than was concluded by the State Agency non-examining doctors.

R. 29 (emphasis added). The ALJ's decision in this regard—that Plaintiff's subjective statements were "not entirely consistent with the medical evidence and other evidence" but yet her hearing testimony "is consistent with the entirety of medical evidence in the record"—is therefore internally inconsistent. Moreover, the Court cannot conclude that this inconsistency is harmless. As Plaintiff notes, she specifically testified that she could sit for 10 or 15 minutes before feeling pain or discomfort and then "I *lay down* for a little bit and then when the numbness goes away, I sit back up." R. 43 (emphasis added). Although the ALJ's RFC limited Plaintiff to sedentary work and sitting for 15 consecutive minutes at a time, his limitation permits her only to stand for one minute after sitting for 15 minutes before returning to sitting again. R. 26. However, as set forth above, Plaintiff testified that she alleviates her pain or discomfort by lying down, not by standing up. R. 43. Because the ALJ appeared to expressly credit Plaintiff's hearing testimony as consistent with the entire medical record, the Court cannot conclude that substantial evidence supports this RFC determination.

Moreover, the Court notes that, in recounting Plaintiff's hearing testimony, the ALJ also stated that Plaintiff "conveyed that she could stand for 10 to 15 minutes before she feels pain in both knees and spine." R. 26. However, as previously detailed, Plaintiff also expressly stated that she lies down to alleviate her pain or discomfort. R. 43. In other words, the ALJ misrepresented Plaintiff's testimony by providing an incomplete summary of her testimony in this regard. *See* R.

11

26, 43. Although an "ALJ has wide discretion to weigh the claimant's subjective complaints, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), the ALJ may not reject subjective statements "'for no reason or the wrong reason[.]'" *Rutherford*, 399 F.3d at 554 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)); *see also Coniglio v. Colvin*, No. CV 15-40, 2016 WL 4385870, at *9 (E.D. Pa. July 26, 2016), *report and recommendation adopted*, No. CV 15-40, 2016 WL 4270334 (E.D. Pa. Aug. 15, 2016) ("However, an analysis based on factual errors and mischaracterizations of the evidence cannot provide substantial evidence to find that a claimant's complaints of pain are not credible.").

For all these reasons, the Court cannot conclude that substantial evidence supports the ALJ's consideration of Plaintiff's subjective complaints and the RFC determination. *See Worsley v. Colvin*, No. CV 15-1635, 2017 WL 1179009, at *3 (W.D. Pa. Mar. 30, 2017) ("Specifically, because the Court finds that the ALJ mischaracterized or misconstrued certain facts in the record in assessing Plaintiff's credibility and in formulating her RFC, the Court cannot find that Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration."); *Coniglio*, 2016 WL 4385870, at *9; *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[4] Moreover, remand is appropriate even if, upon further examination of Plaintiff's subjective statements and the RFC determination, the ALJ again concludes that

---

[4] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's subjective statements and the RFC determination, the Court does not consider those assertions.

Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## V.     CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: August 13, 2024                         *s/Norah McCann King*
                                                                NORAH McCANN KING
                                                    UNITED STATES MAGISTRATE JUDGE

13